IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JASON HULL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. CV-08-744-HU |
| v. | ) |
| | ) |
| IVEY IMAGING LLC, a Washington | ) |
| limited liability corporation, | ) FINDINGS & RECOMMENDATION |
| | ) |
| Defendant. | ) |

Scott N. Hunt
R. Kyle Busse
BUSSE & HUNT
521 American Bank Building
621 SW Morrison Street
Portland, Oregon 97205

    Attorneys for Plaintiff

Clay D. Creps
Jocelynne P. McAdory
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089

    Attorneys for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Jason Hull brings this employment action against his former employer defendant Ivey Imaging, LLC. Defendant moves to

1 - FINDINGS & RECOMMENDATION

dismiss plaintiff's second claim for relief.  I recommend that the motion be granted.

## BACKGROUND

The facts are taken from the Amended Complaint.  Plaintiff began working for defendant in May 2003. Am. Compl. at ¶ 6.  On March 28, 2008, plaintiff was asked to work a shift on Sunday, March 30, 2008. Id. at ¶ 7.  Plaintiff requested that defendant make a manager present during the shift because plaintiff anticipated the presence of a co-worker with a known history of threatening and/or violent behavior at work which posed or would likely create a safety risk. Id.

On March 30, 2008, while working in the absence of a manager and in the presence of the co-worker with a violent history, plaintiff was confronted by the co-worker in a threatening manner and/or presented with a potentially violent situation. Id. at ¶ 8. Plaintiff opposed and/or reported what he in good faith believed were unsafe working conditions. Id.  He informed his supervisor by phone that he no longer felt safe at work and was sent home. Id.

On Monday, March 31, 2008, plaintiff reported the working conditions created by the co-worker on March 30, 2008, to defendant and requested that defendant take remedial steps to resolve the situation. Id. at ¶ 9.  On April 2, 2008, plaintiff made a formal complaint about the unsafe working conditions to which he had been subjected by the previously threatening/violent co-worker in an attempt to have the situation resolved. Id.  Plaintiff was discharged on that date. Id. at ¶ 6.

## STANDARDS

On a motion to dismiss, the court must review the sufficiency

2 - FINDINGS & RECOMMENDATION

of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

## DISCUSSION

Based on the above-recited allegations, plaintiff brings two claims: a statutory claim under Oregon Revised Statute § (O.R.S.) 654.062, and a state common law wrongful discharge claim.. Defendant removed the case to federal court based on diversity jurisdiction.

Defendant moves to dismiss the wrongful discharge claim on the basis that the statutory claim offers adequate remedies and thus precludes the wrongful discharge claim. I agree with defendant.

The parties generally agree that under Oregon law, the tort of wrongful discharge is an interstitial tort that is available when an employee is discharged in violation of public policy and existing remedies would not fully vindicate the public interest. E.g., Dunwoody v. Handskill Corp., 185 Or. App. 605, 613, 60 P.3d 1135, 1138 (2003) ("wrongful discharge is an interstitial tort, designed to fill a gap where a discharge in violation of public policy would otherwise not be adequately remedied.").

As I explained in a 2006 Findings & Recommendation, I adopt the preclusion analysis articulated by Judge Stewart in Draper v. Astoria Sch. Dist. No. IC, 995 F. Supp. 1122, 1127 (D. Or. 1998), abrogated in part on other grounds, Rabkin v. Oregon Health Sci. Univ., 350 F.3d 967 (9th Cir. 2003), and reaffirmed by Judge Stewart in Cantley v. DSMF, Inc., 422 F. Supp. 2d 1214, 1222 (D.

3 - FINDINGS & RECOMMENDATION

Or. 2006), for determining whether a statutory claim precludes state common law wrongful discharge claim. Henry v. Portland Dev. Comm'n, No. CV-06-712-HU, 2006 WL 4008709, at *4-5 (D. Or. Oct. 18, 2006), adopted by Judge Mosman (D. Or. Jan. 26, 2007). Under Draper,

> a claim for common law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy (regardless of whether the courts perceive that remedy to be adequate).

Draper, 995 F. Supp. at 1130-31.

O.R.S. 654.062 provides, in pertinent part:

> (5) It is an unlawful employment practice for any person to bar or discharge from employment or otherwise discriminate against any employee or prospective employee because the employee or prospective employee has:
>
> (a) Opposed any practice forbidden by ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780;
>
> (b) Made any complaint or instituted or caused to be instituted any proceeding under or related to ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780, or has testified or is about to testify in any such proceeding; or
>
> (c) Exercised on behalf of the employee, prospective employee or others any right afforded by ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780.

O.R.S. 654.062(5).

Many remedies are available when a violation of O.R.S. 654.062(5) has been established. First, O.R.S. 654.062(6)(d) provides that the court may "order all appropriate relief."

Second, by virtue of O.R.S. 654.062(6)(a), the remedies provided for a claim under O.R.S. 659A.030(1)(f) are available for violations of O.R.S. 654.062(5). As a result, a plaintiff who

4 - FINDINGS & RECOMMENDATION

brings a successful claim under O.R.S. 654.062(5) is entitled to file a civil action in court and may be awarded injunctive relief, other equitable relief that may be appropriate, including reinstatement and back pay, and attorney's fees and costs. See O.R.S. 659A.885(1). Additionally, the plaintiff is entitled to compensatory and punitive damages, and a jury trial. See O.R.S. 659A.885(3).

Defendant argues that because plaintiff, if successful on his statutory claim, is entitled to a full and adequate range of statutory remedies, the wrongful discharge claim is precluded.

In response, plaintiff contends that his wrongful discharge claim arises partly out of conduct not protected by O.R.S. 654.062, and that O.R.S. 654.062 contains no language indicating the legislature's intent to negate a plaintiff's common law remedies. I reject both of these arguments.

Plaintiff concedes that he made good faith reports of unsafe work conditions to defendant and that this conduct is protected by O.R.S. 654.062. However, he also alleges that his discharge was motivated by his March 28, 2008 conduct in requesting that defendant have a manager present during his March 30, 2008 shift because plaintiff anticipated an unsafe working condition caused by the presence of the co-worker, and his March 31, 2008 conduct in requesting that defendant take remedial steps to prevent him from being subjected to such unsafe work conditions in the future. Plaintiff maintains that termination for these reasons is not protected under O.R.S. 654.062 because they do not constitute a report of, or opposition to, an unsafe work condition. In other words, plaintiff suggests that informing defendant of the

5 - FINDINGS & RECOMMENDATION

possibility of an unsafe work condition before its actual occurrence, and requesting defendant to take preventive measures to prevent such future occurrence, are not notification to defendant of a safety violation presently existing in the workplace.

I disagree. When plaintiff requested a manager be present on March 30, 2008, he did so because, as he alleges in the Amended Complaint, he viewed the presence of the co-worker as an unsafe working condition. Am. Comp. at ¶ 7 ("Plaintiff requested Defendant have a manager present during the shift because the anticipated presence of a coworker with a known history of threatening and/or violent behavior at work posed or would likely create a safety risk."). On March 31, 2008, his request that "[d]efendant take remedial steps to resolve the situation" was made in the context of reporting the unsafe working conditions created by the co-worker's presence at the workplace on March 30, 2008. Am. Compl. at ¶ 9.

The allegations are most readily understood as notifying defendant of an unsafe working condition caused by the co-worker's presence and seeking protection from that condition. Additionally, the request to remedy the situation made at the time of explicit reporting of the situation, is most readily understood as opposing the current situation and asking that the unsafe conditions created by the co-worker be remedied. Accordingly, these actions are protected conduct under O.R.S. 654.062.

Ragnone v. Belo Corp., 131 F. Supp. 2d 1189 (D. Or. 2001), relied on by plaintiff, is distinguishable. There, Judge King noted that the plaintiff did not notify defendant of any safety violations he saw in the workplace, but instead, simply refused to

6 - FINDINGS & RECOMMENDATION

fly when it was unsafe. Id. at 1196. Judge King stated that plaintiff was "making a fine distinction," and concluded that his conduct did not constitute notification of an unsafe working condition because "the decision not to fly is not a safety violation." Id. Here, plaintiff expressly alleges that he informed defendant of an unsafe working condition caused by the coworker. Plaintiff also did not refuse to work and engaged in affirmative conduct amounting to reporting of, or opposition to, an alleged unsafe working condition. Plaintiff's allegations fall within the protection offered by O.R.S. 654.062.

As to plaintiff's second argument, Draper makes clear that the wrongful discharge tort is unavailable if an existing remedy adequately protects the public interest in question, or the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy. Here, an existing remedy adequately protects the public interest in question. There is no need to address the legislature's intent. See Henry, 2006 WL 4008709, at *6-7 (adhering to Judge Stewart's conclusion in Draper that the test is disjunctive).[1]

/ / /
/ / /
/ / /
/ / /

---

[1] As further noted in Henry, "when a statute is silent with respect to the legislature's intent and an explicit statement is absent, the existence of adequate remedies can by seen implicitly to establish exclusivity." Henry, 2006 WL 4008709, at *7 (internal quotation omitted). Thus here, the presence of adequate remedies satisfies both prongs of the disjunctive test.

7 - FINDINGS & RECOMMENDATION

CONCLUSION

I recommend that defendant's motion to dismiss the second claim for relief (#7) be granted.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due October 7, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due October 21, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this   22nd   day of September    , 2008.


/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

8 - FINDINGS & RECOMMENDATION