UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON HULL,

    Plaintiff,

  v.                                   ORDER

IVEY IMAGING LLC, a Washington limited    Civil No. 08-744-HU
liability corporation,

    Defendant.

HAGGERTY, Chief Judge:

    Magistrate Judge Hubel has referred a Findings and Recommendation [13] in this matter. The Findings and Recommendation recommends granting defendant's Motion to Dismiss [7]. Plaintiff filed timely objections. The court has evaluated the Findings and Recommendation, the objections, and the entire record. For the following reasons, the court adopts the Findings and Recommendation.

1    - ORDER

**DISCUSSION**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1.   **Protected Conduct**

As set forth in the Amended Complaint, plaintiff alleges that he (1) requested the presence of a manager during an upcoming shift because he was concerned about a violent co-worker and (2) asked that defendant take steps to prevent this dangerous situation from recurring.  Plaintiff objects to the Findings and Recommendation's conclusion that plaintiff's behavior constitutes opposition to forbidden practices under the Oregon Safe Employment Act (the Act), ORS 654.001 *et seq*.  Plaintiff argues that his "requests were not responsive to the existence of some unsafe working condition because the potentially unsafe event Plaintiff was anticipating had not yet occurred."  Pl.'s Objections to Findings and Recommendation at 2.

This court agrees with the Findings and Recommendation that plaintiff's requests can be readily understood as "notifying defendant of an unsafe working condition" and "opposing the current situation and asking that the unsafe conditions created by the co-worker be remedied." Findings and Recommendation at 6.  If there is evidence that plaintiff "made a complaint 'related to' safe and healthful working conditions, he has met the elements necessary to establish a claim under" the statute.  *Butler v. State*, 909 P.2d 163, 171 (Or. App. Ct. 1995).  Therefore, plaintiff's actions constitute protected conduct under ORS 654.062, the anti-retaliation provision of the Act.

2.   **Wrongful Termination**

Plaintiff argues that the Findings and Recommendation erroneously concluded that ORS 654.062 prevents plaintiff from bringing an independent claim for wrongful termination.

2     - ORDER

"[W]rongful discharge is an interstitial tort, designed to fill a gap where a discharge in violation of public policy would otherwise not be adequately remedied." *Dunwoody v. Handskill Corp.*, 60 P.3d 1135, 1139 (Or. Ct. App. 2003). The Findings and Recommendation, relying upon *Draper v. Astoria School District No. 1C*, 995 F. Supp. 1122 (D. Or. 1998), concluded that ORS 654.062 adequately remedies violations of public policy. In *Draper*, this court concluded that:

> a claim for wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question, *or*, (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy (regardless of whether the courts perceive that remedy to be adequate). This court will follow that view until the Oregon Supreme Court clarifies the governing standards.

*Id.* at 1130-31 (emphasis added). Federal courts in this district have continued applying a disjunctive test. *See Cantley v. DSMF, Inc.*, 422 F. Supp. 2d 1214, 1222 (D. Or. 2006) ("Until the Oregon Supreme Court clarifies the governing standards, this court will continue to follow its analysis in *Draper* . . . .").

Plaintiff, citing *Olsen v. Deschutes County*, argues that the Findings and Recommendation erred by not applying a conjunctive test. 127 P.3d 655 (Or. Ct. App. 2006), *rev. denied*, 136 P.3d 1123 (Or. 2006). In *Olsen*, the Oregon Court of Appeals observed that a "defendant must demonstrate *both* that the remedy for violation of [the statute] is adequate in comparison to the remedy available under a common-law tort action *and also* that the legislature intended the statute to abrogate the common law." 127 P.3d at 660 (emphasis added). Plaintiff argues that defendant has not proven that the remedy for violation of ORS 654.062 is adequate to the common-law remedy *and* that the legislature intended ORS 654.062 to abrogate the common law.

Notwithstanding *Olsen*, courts in this district have continued to apply a disjunctive test. While acknowledging the *Olsen* decision, this court subsequently observed that a "federal court

3    - ORDER

is not bound by the decisions of a state intermediate appellate court if it determines that the state's highest court would reach a different conclusion.  Here, the Oregon Supreme Court, as demonstrated by the discussion in *Draper* and *Cantley*, has not conclusively spoken on this issue."  *Henry v. Portland Dev. Comm'n*, No. CV-06-712-HU, 2006 WL 4008709, *6 (D. Or. Oct. 18, 2006) (citation omitted); *see also Adams v. Home Depot USA, Inc*., No. 05-CV-1798-ST, 2007 WL 4565163, * 29 (D. Or. Dec. 19, 2007) ("In light of its previous analysis and the lack of contrary persuasive reasons, this court continues to require *either* a show of adequate statutory remedies *or* a specific legislative intent to abrogate the common law, but not both.") (emphasis in original).

    Accordingly, this court will apply the disjunctive test laid out in *Draper*.  The Findings and Recommendation concluded that there was "no need to address the legislature's intent" because there were sufficient remedies under ORS 654.062.  Findings and Recommendation at 7.  This court agrees that ORS 654.062 adequately protects the public interest in question and that plaintiff's wrongful termination claim should be dismissed.

    Assuming *arguendo* that the court's language in *Olsen v. Deschutes County* imposes a conjunctive test, plaintiff's unlawful discharge claim is still superseded by ORS 654.062.  In *Farrimond v. Louisiana-Pacific Corp*., the Oregon Court of Appeals concluded that even if a statute "does not expressly state that it is intended to supersede the common law remedy, the legislature's adoption of virtually all remedies that would have been available at common law [can lead a court] to conclude that it intended the statutory remedy to be exclusive."  798 P.2d 697, 699 (Or. Ct. App. 1990).  The *Olsen* court, citing *Farrimond*, acknowledged that legislative intent can be inferred from the existence of statutory remedies.  127 P.3d at 661 (Where "the statute is silent with respect to the legislature's intent and, in the absence of an explicit statement, the existence of adequate remedies can be seen implicitly to establish exclusivity.").

4    - ORDER

Given the broad remedies that are available under ORS 654.062, this court concludes that the Oregon Legislature intended ORS 654.062 to be exclusive. The statute states that an individual who complains about unsafe working conditions is entitled to "the procedures, policies, *and remedies* established by ORS chapter 659A . . . ." ORS 654.062(6)(a) (emphasis added). In 2007, the Oregon Legislature enacted House Bill 2260, which added ORS 659A to the list of provisions for which a jury trial, compensatory and punitive damages, and attorney fees are available. The bill became effective on January 1, 2008, and applies to actions commenced after that date, including plaintiff's.

This court recently analyzed the effect of House Bill 2260 on a race-based wrongful discharge claim. *See Battan v. Allwest Underground, Inc.*, No. 08-CV-707-BR, 2008 WL 4191467 (D. Or. Sept. 5, 2008). After discussing the legislature's adoption of House Bill 2260, this court dismissed the plaintiff's wrongful discharge claim because ORS 659A provides adequate remedies. *Id.* at *6.

Plaintiff alleges that he complained about unsafe working conditions. Under ORS 654.062, he is entitled to "all appropriate relief including rehiring or reinstatement to the employee's former position with back pay." ORS 654.062(6)(d). Because ORS 654.062(6)(a) expressly incorporates the remedies available under ORS 659A, "all appropriate relief" includes a jury trial, compensatory and punitive damages, and attorney fees if plaintiff prevails. Given the "legislature's adoption of virtually all remedies that would have been available at common law," this court concludes that the Oregon Legislature intended ORS 654.062 to be the exclusive remedy. Accordingly, if a conjunctive test were applicable, plaintiff's wrongful discharge claim would still be dismissed.

**CONCLUSION**

For the foregoing reasons, the court adopts the Findings and Recommendation [13].

5      - ORDER

Defendant Ivey Imaging LLC's Motion to Dismiss [7] is GRANTED as to plaintiff's wrongful termination claim.

    IT IS SO ORDERED.

    DATED this  21   day of November, 2008.

                                      /s/ Ancer L. Haggerty
                                           Ancer L. Haggerty
                                   United States District Judge

6    - ORDER